UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID JIMENEZ,

    Plaintiff,

v.                                                               CASE NO. 8:18-cv-928-T-23AEP

ROBIN LYNN ALLWEISS, *et al.*,

    Defendants.
_____/

**O R D E R**

    Jimenez's complaint alleges that the defendants violated his civil rights during state criminal proceedings. Jimenez paid the full $400 filing fee. Even though Jimenez is not proceeding *in forma pauperis*, a district court is required to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [and] the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), this *pro se* complaint lacks merit under this standard.

This action was initially dismissed under 28 U.S.C. § 1915(g) because Jimenez has filed at least three earlier civil rights action that were dismissed as either frivolous, malicious, or for failing to state a claim for relief. (Doc. 5) The order was vacated and the action re-opened when the clerk advised that Jimenez had paid the full filing fee. (Doc. 7)

Jimenez is imprisoned for fifteen years based on state convictions for (1) fraudulent use of personal identification and (2) fraudulent use of identification that involved ten or more people and $5000 or more of loss. Jimenez sues three prosecutors, one defense attorney, and two detectives,[1] and he requests both actual and punitive damages.

**Attorneys:**

In *Jimenez v. McCabe*, 8:11-cv-1749-T-23AEP (Doc. 9), Jimenez sued one of the prosecutors and one of the defense attorneys that he sues in the present action. In that earlier action Jimenez was advised both that the prosecutor is entitled to absolute immunity from monetary damages for acts undertaken within the scope of a prosecutorial duty and that a defense attorney (even a public defender) is not a state actor when performing a lawyer's traditional function. Jimenez received a similar notice about prosecutorial immunity in *Jimenez v. McCabe*, 8:13-cv-439-T-23AEP (Doc. 19).

---

[1] In a supplemental paper, Jimenez added his ex-wife, Elizabeth Gonzales Franco, as a defendant and later withdrew her as a defendant. (Docs. 13 and 15)

**Police Officers:**

To the extent that Jimenez sues the police officers based on their pre-trial and trial testimony, a witness in a criminal proceeding is absolutely immune from liability for damages based on the witness' allegedly perjured testimony. *Briscoe v. LaHue*, 460 U.S. 325, 326 (1983) ("[W]itnesses are absolutely immune from damages liability based on their testimony . . . ."). This immunity applies equally to a police officer. *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("Police officers enjoy the same absolute immunity as lay witnesses for their testimony at trial, or in front of the grand jury. The penalty for false testimony under such circumstances is the same for any witness, that is, a potential prosecution for perjury.") (citations omitted); *Sharp v. City of Huntsville, AL*, 730 F. App'x 858, 861 (11th Cir. 2018) ("Police officers, however, are entitled to absolute immunity from liability under section 1983 for their testimony during trials, even if the officer is alleged to have committed perjury.") (citing *Jones*).

To the extent that Jimenez sues the police officers for their alleged unlawful acts during the arrest — Jimenez contends the officers lacked probable cause to arrest him — the claim challenges the validity of the criminal conviction. Under *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973), if a state prisoner challenges the fact or duration of confinement, a writ of habeas corpus is the exclusive federal remedy. Additionally, *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), precludes Jimenez from challenging the validity of either the conviction or the sentence (including a fine or penalty) by a civil rights action instead of an application for the writ of habeas corpus.

> We hold that, in order to recover damages for [an] allegedly
> unconstitutional conviction or imprisonment, or for other
> harm caused by actions whose unlawfulness would render a
> conviction or sentence invalid, a § 1983 plaintiff must prove
> that the conviction or sentence has been reversed on direct
> appeal, expunged by executive order, declared invalid by a
> state tribunal authorized to make such determination, or called
> into question by a federal court's issuance of a writ of habeas
> corpus, 28 U.S.C. § 2254. A claim for damages bearing that
> relationship to a conviction or sentence that has *not* been so
> invalidated is not cognizable under § 1983. Thus, when a state
> prisoner seeks damages in a § 1983 suit, the district court must
> consider whether a judgment in favor of the plaintiff would
> necessarily imply the invalidity of his conviction or sentence; if
> it would, the complaint must be dismissed unless the plaintiff
> can demonstrate that the conviction or sentence has already
> been invalidated.

*Heck* requires dismissal of a civil rights complaint if a ruling in the plaintiff's favor questions the validity of the conviction or sentence. Jimenez has no Section 1983 claim unless he prevails on habeas corpus. "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. at 489–90. Consequently, Jimenez fails to state a claim for relief that he can pursue in a civil rights action because the complaint fails to allege that the conviction was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. at 487.

To the extent that Jimenez sues the police officers for an act that does not challenge the validity of the conviction, the claim is time-barred. Generally, the state limitation for a personal injury claim applies to a Section 1983 claim. *Wilson v.*

*Garcia*, 471 U.S. 261, 276–79 (1985). *See Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) ("Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983.") (*per curiam*). In Florida, the proper limitation for a Section 1983 claim is four years. Fla. Stat. § 95.11(3). The limitation expired in 2012 because the arrest occurred 2008.

Dismissal before service is proper. *Smith v. Shorstein*, 217 F. App'x 877, 880 (11th Cir. 2007) ("The expiration of the statute of limitations warrants dismissing a complaint as frivolous. But '[t]o dismiss a prisoner's complaint as time-barred prior to service, it must appear beyond a doubt from the complaint itself that the prisoner can prove no set of facts which would avoid a statute of limitations bar.'") (quoting *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003)); *Reynolds v. Murray*, 170 F. App'x 49, 51 (11th Cir. 2006) ("It is appropriate for a district court to dismiss a complaint as time-barred where the prisoner fails to identify 'why the statute of limitations might be tolled in his case.'") (quoting *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003)). *See also Clark v. State of Georgia Pardons and Paroles Bd.*, 915 F.2d 636, 640, n.2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.").

\* \* \* \*

As a consequence, Jimenez fails to state a claim upon which relief can be granted. Notwithstanding his many supplements, amendments, and motions (Docs. 8–18), amendment of the action would prove futile because Jimenez can state no valid Section 1983 claim for relief. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th

Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.").

Accordingly, the civil rights complaint (Doc. 1) is **DISMISSED**. All pending motions are **DENIED AS MOOT**. This dismissal is without prejudice to Jimenez's re-filing a Section 1983 complaint if he succeeds in having the conviction vacated. The clerk must enter a judgment of dismissal against Jimenez and close this case.

ORDERED in Tampa, Florida, on August 16, 2018.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE